UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES CALHOUN, | Civil Action No. 16-4100 (FLW) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| WILLIAM BONDS, et al., | |
| Respondents. | |

This matter having been opened by Petitioner's filing of an application for pro bono counsel. (ECF No. 2.) It appearing that:

1. The instant habeas Petition was docketed on July 7, 2016. (ECF No. 1.) Along with his Petition, Petitioner has submitted an Application to Proceed *In Forma Pauperis* ("IFP Application") (ECF No. 1-4), an "Application for Pro Bono Counsel" pursuant to 28 U.S.C. §1915(e)(1)[1] (ECF No. 2), and a Motion to Seal a mental health evaluation, which is attached as an exhibit to his pro bono counsel motion. (ECF Nos. 3; see also ECF No. 2-1.) On October 22, 2016, the Court directed Respondent to file an Answer to the Petition and granted Petitioner's motion to seal the mental health evaluation exhibit. (*See* ECF No. 4.) Respondents filed their Answer on February 16, 2017. (ECF No. 8.)

2. The Court now addresses Petitioner's Application for Pro Bono Counsel, which states as follows:

> I rely on my confidential exhibit in requesting consideration for
> counsel appointment. Specifically, I maintain a severely limited

---

[1] The form submitted by Petitioner is for use in a civil rights case not in a habeas corpus case.

1

> intellectual capacity, which makes it impossible for me to prepare a cogent federal challenge to my convictions and sentences without the assistance of counsel. In that regard, I am forced to rely on inmates for the preparation of my legal submissions as it is virtually impossible for me to fashion a persuasive substantive argument without the assistance of counsel. Finally, it should be noted that the instant submission ha[s] been drafted with the assistance of a prison paralegal whose assistance in pressing the matter forward can not be relied upon.

(ECF No. 2, Pro Bono Application at 2.) Petitioner additionally states that he "do[es] not have money to hire an attorney and do[esn't] know how to go about writing an attorney that might possess the skills to litigate a federal habeas action." (*Id.*).

3. Petitioners in habeas proceedings have no automatic right to the appointment of counsel. *See Morris v. Baker*, No. 14-6785, 2015 WL 5455651, at *1 (D.N.J. Sept. 15, 2015); *Saunders v. Warren*, No. 13-2794 ES, 2014 WL 6634982, at *3-4 (D.N.J. Nov. 21, 2014); *see also Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d). Pursuant to 18 U.S.C. § 3006(a)(2)(B), however, this Court may appoint counsel to an indigent habeas petitioner where "the interests of justice so require." Under the statute, the indigence of the petitioner is a requirement for the appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B); see also 28 U.S.C. § 1915(e)(1). In determining whether the interests of justice support the appointment of counsel, "the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." *Reese*, 946 F.2d at 263. The courts look to three factors in making that determination: the likelihood of success on the merits, the complexity of the issues involved in the petitioner's case, and the ability of the petitioner to investigate and present his case. *See, e.g., Shelton v. Hollingsworth*, No. 15-1249, 2015 WL 5116851, at *2 (D.N.J. Aug. 31, 2015).

4. Here, Petitioner has provided proof of his indigence through his IFP Application (ECF No. 1-4), and has alleged that his limited intellectual capacity will make it impossible to

2

present his claims without the aid of an attorney. Petitioner has not, however, provided any arguments suggesting that the issues in his habeas case are particularly complex and require additional briefing, or that he has a likelihood of success on the merits with respect to one or more of his grounds for relief. The Court finds that any determination regarding the need for appointment of counsel is thus premature and that it would not benefit Petitioner or the Court to appoint counsel without a showing that Petitioner's claims are complex and that Petitioner has a likelihood of success on the merits with respect to one or more of his claims.[2] For these reasons, the Court will deny the application without prejudice at this time and permit Petitioner to renew his application for pro bono counsel to address these issues.

IT IS, THEREFORE, on this 27th day of February 27, 2017,

**ORDERED** that Petitioner's application for pro bono counsel (ECF No. 2) is DENIED WITHOUT PREJUDICE as for the reasons stated in this Memorandum and Order; Petitioner is free to renew his application for pro bono counsel, if appropriate; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Petitioner by regular mail.

Freda L. Wolfson, District Judge
United States District Court

---

[2] For instance, if Plaintiff's federal claims are straightforward and have been adequately briefed by Petitioner's attorney(s) in the state court proceedings, it would not benefit the Court to appoint counsel for Petitioner at this juncture even if his claims have arguable merit. In the event that the Court determines that a hearing is required on any of Petitioner's claims, the Court will appoint counsel *sua sponte*.

3