UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES CALHOUN,<br><br>    Petitioner,<br><br>v.<br><br>WILLIAM BONDS, et al.,<br><br>    Respondents. | Civil Action No. 16-4100 (FLW)<br><br><br>MEMORANDUM AND OPINION |

This matter has been opened to the Court by Petitioner's motion to compel Respondents to comply with Habeas Rule 5(c) and (d) by providing copies of the grand jury transcripts.[1] Rule 5 of the Rules Governing § 2254 Proceedings requires Respondent to provide the Court with relevant transcripts of the underlying criminal proceedings. Rule Five also provides that Court "may order that the respondent furnish other parts of the existing transcripts or that parts of untranscribed recordings be transcribed and furnished." Having reviewed Petitioner's motion, the relevant record, and the arguments of the parties, the Court will deny the motion but will direct Respondent to provide an electronic copy of the Appellate Division's decision denying Petitioner's direct appeal.

In the instant motion, Petitioner is seeking the grand jury transcripts in connection with Ground Three of his Petition, which alleges various claims of ineffective assistance of trial

---

[1] Petitioner also sought the production of the briefs submitted by the parties in the state court proceedings. (ECF No. 17 at ¶ 6.) On May 3, 2017, Respondent filed an Amended Answer providing those briefs, (*see* ECF No. 18), thus rendering that portion of the motion moot. As such, the Court addresses only the request for the grand jury transcripts.

1

counsel. In Sub-Ground Three of Ground Three, Petitioner contends that he was deprived of his "constitutional right to presentment of a Grand Jury Indictment due to ineffective assistance of counsel" (referred to as "the indictment claim"). (ECF No. 2-1, Addendum to Petition at 26.) In the indictment claim, Petitioner contends that he received ineffective assistance because his counsel failed to move to dismiss the indictment against Petitioner based on the fact that the grand jury presentment was based on "wholesale hearsay testimony." (*Id.*) Petitioner further contends that the only testimony before the grand jury was from an investigating police officer, and "was hearsay in nature." (*Id.*) Petitioner contends that there would be "no difficulty in producing the witnesses who were all local people." (*Id.*) Furthermore, Petitioner contends that the investigating officer was permitted to testify as to the findings of an examination performed by a sexual assault nurse examiner ("SANE"). The testimony in question provided evidence of injuries to the victim that were indicative of sexual assault. (*Id.* at 27.) Petitioner states in his motion that the grand jury transcripts should be provided to prove Petitioner's entitlement to relief on the indictment claim. (ECF No. 17, at ¶¶ 5, 7.)

Petitioner's indictment claim alleges ineffective assistance of trial counsel. The standard which governs claims of ineffective assistance of counsel is well established; such claims are governed by the two-prong test set forth in the Supreme Court's opinion in *Strickland v. Washington*, 466 U.S. 668 (1984). To make out such a claim under *Strickland*, a petitioner must first show that "counsel's performance was deficient. This requires [the petitioner to show] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687; *see also United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007). To succeed on an ineffective assistance claim, a petitioner must also show that counsel's allegedly deficient performance prejudiced his defense such that the petitioner was "deprive[d]

of a fair trial . . . whose result is reliable." *Strickland*, 466 U.S. at 687; *Shedrick*, 493 F.3d at 299. In evaluating whether counsel was deficient, the "proper standard for attorney performance is that of 'reasonably effective assistance.'" *Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005). A petitioner asserting ineffective assistance must therefore show that counsel's representation "fell below an objective standard of reasonableness" under the circumstances. *Id.* The reasonableness of counsel's representation must be determined based on the particular facts of a petitioner's case, viewed as of the time of the challenged conduct of counsel. *Id.* In scrutinizing counsel's performance, courts "must be highly deferential ... a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Even where a petitioner is able to show that counsel's representation was deficient, the petitioner must still affirmatively demonstrate that counsel's deficient performance prejudiced the petitioner's defense. *Id.* at 692-93. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. The petitioner must demonstrate that "there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[2] *Id.* at 694; *see also Shedrick*, 493 F.3d at 299.

---

[2] Finally, when a federal habeas petition under § 2254 is based upon an ineffective assistance of counsel claim, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable," which "is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Grant v. Lockett*, 709 F.3d 224, 232 (3d Cir. 2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)). For purposes of § 2254(d)(1), "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* (internal quotation marks omitted) (emphases in original). "A state court must be granted a deference and latitude that are not in operation when the case involves [direct] review under the *Strickland* standard itself." *Id.* Federal habeas review of ineffective assistance of

3

In their opposition to the motion to compel, Respondents contend that the issue of whether hearsay is permitted before the grand jury can be decided as a matter of law, and, as such, the transcripts are not required. In their Answer, Respondents rely on Supreme Court precedent in *Costello v. United States*, 350 U.S. 359, 363 (1959), and contend that Petitioner's "argument is meritless because it is permissible for an indictment to be based entirely on hearsay evidence presented to the grand jury." Because Petitioner alleges ineffective assistance of counsel, however, the relevant inquiry is whether counsel was ineffective under New Jersey law governing whether grand juries may base an indictment on hearsay evidence.

Under New Jersey law, a grand jury may base an indictment on the evidence the State has produced, as well as any reasonable inferences that may be drawn from that evidence. *State v. N.J. Trade Waste Ass'n*, 96 N.J. 8, 27, 472 A.2d 1050 (1984). In a grand jury proceeding, hearsay is admissible. *State v. Tringali*, 451 N.J. Super. 18, 26–27 (App. Div. 2017) (citing *State v. Ferrante*, 111 N.J. Super. 299, 304–05 (App. Div. 1970). In considering a motion to dismiss an indictment, the court should consider whether "there is some evidence establishing each element of the crime[,]" and should view that evidence in the light most favorable to the State. *State v. Morrison*, 188 N.J. 2, 12–13 (2006). A trial court should only dismiss an indictment on the "clearest and plainest" grounds and only when it is clearly defective. *Trade Waste Ass'n*, 96 N.J. at 18–19.

There are two New Jersey trial court decisions that arguably support Petitioner's position that an indictment based on hearsay may be subject to dismissal. *See State v. Chandler*, 98 N.J.

---

counsel claims is thus "doubly deferential." *Id*. Federal habeas courts must "take a highly deferential look at counsel's performance" under *Strickland*, "through the deferential lens of § 2254(d)." *Id.* (internal quotation marks and citations omitted).

Super. 241 (Law Div. 1967); *State v. Costa*, 109 N.J. Super. 243 (Law Div. 1970). In *Chandler*, the defendant filed a motion to dismiss the indictment premised on the fact that the only witness who testified before the grand jury did not witness the event. *Chandler*, 98 N.J. Super. at 244–45. The trial judge dismissed the indictment, explaining that the witness, a police detective, did not have any "relevant information" because he did not witness the alleged crime and "served only the limited purpose of consigning the prosecutor's file to the grand jury...." *Id.* at 251. Similarly, in *Costa*, the defendant filed a motion to dismiss the indictment because the sole witness before the grand jury, a police officer, "simply relat[ed] what had been told him by other persons." *Costa*, 109 N.J. Super. at 244–46. The judge dismissed the indictment on the grounds that it was based exclusively on the hearsay testimony of the police officer, who lacked any first-hand knowledge of the incident. *Id.* at 247–48.

In *State v. Holsten*, 223 N.J. Super. 578, 584 (App. Div. 1988), however, the New Jersey Appellate Division questioned the continued viability of the holdings in *Chandler* and *Costa* following its decision in *State v. Ferrante*, 111 N.J. Super. 299 (App. Div. 1970). In *Ferrante*, the Appellate Division held that "[a]bsent misconduct or abdication by grand jurors, the question whether evidence before a grand jury was competent or incompetent, ... [is] irrelevant on a motion to dismiss the indictment." *Ferrante*, 111 N.J. Super. at 306. In *Holsten*, the Appellate Division held that an "indictment may be based largely or wholly on hearsay and other evidence which may not be legally competent or admissible at the plenary trial." *Holsten*, 223 N.J. Super. at 585 (citation and internal quotation marks omitted); *State v. Vasky*, 218 N.J. Super. 487, 491 (App. Div. 1987) ("A grand jury may return an indictment based largely or wholly on hearsay testimony."). Where there is sufficient evidence to sustain the grand jury's charges, the indictment should not be dismissed. *Holsten*, supra, 223 N.J. Super. at 585–86; *see also State v.*

*Ingram*, 230 N.J. 190, 207 (2017) ("Grand jury presentations can include hearsay evidence that neither the defendant nor defense counsel is present to observe, let alone cross-examine") (citing *Holsten*, 223 N.J. Super. at 585); *State v. Smolinski*, No. A-3212-13T3, 2015 WL 4368208, at *4 (N.J. Super. Ct. App. Div. July 17, 2015) (finding that a grand jury may indict based on hearsay alone and noting that the officer who testified was directly involved in the murder investigation, and some of his testimony consisted of non-hearsay observations, as well as defendant's statement, in which he admitted that he was with the victim at the time of her death.)

Here, Petitioner raised the indictment claim to the trial court on PCR, and the PCR court rejected the claim finding that Petitioner had failed to meet the first prong of *Strickland*. (ECF No. 8-21, PCR Tr. at 83:16-19.) The PCR court found that Petitioner's trial counsel filed two motions to dismiss the indictment prior to trial – trial counsel initially moved to dismiss the indictment on March 8, 2007, and later moved to dismiss the indictment on September 20, 2007. (*Id.* at 81:14-24.) Both motions to dismiss the indictment were denied by the trial court. (*Id.* at 81:25-82:3.) The PCR court found that trial counsel, who had incorporated Petitioner's pro se motions in the second filings, "zealously pursued dismissal of the indictment on Defendant's behalf prior to trial which is completely incompatible with the notion that the defendant was deprived of effective assistance of counsel." (*Id.* at 82:4-11.) The PCR court further found it "clear" that "an indictment may be made on hearsay evidence", citing to the New Jersey Appellate Division's decision in *State v. Vaskey*, 218 N.J. Super. 487, 491 (App. Div. 1987). (*Id.* at 82:12-20.) Finally, relying on state law, the court found that the jury's verdict remedied any deficiencies in the indictment and found that, under state law, arguments challenging the validity of the indictment should have been raised prior to trial. (*Id.* at 82:21-83:15.)

The Appellate Division affirmed the denial of Petitioner's PCR in an unpublished opinion. *See State v. Calhoun*, 2014 WL 9953542 (App. Div. Jun. 25, 2015). In the opinion, the Appellate Division summarized the PCR court's denial of the indictment claim as follows:

> The court also addressed defendant's argument about the validity of the indictment. The court found counsel had made two motions to dismiss the indictment, both of which were appropriately denied. Contrary to defendant's argument, it was permissible for an indictment to be supported by hearsay evidence. Moreover, any alleged deficiency in the indictment had been remedied by the jury's verdict.

*Calhoun*, 2014 WL 9953542, at *2. Petitioner's appellate counsel did not raise the indictment claim on appeal of the denial of PCR, *see* id. at *3, and it does not appear that Petitioner raised this claim to the Appellate Division in his pro se brief. *See id.* Even assuming Petitioner raised the indictment claim on appeal in his pro se brief, the Appellate Division held that Petitioner's pro se claims on appeal were properly rejected by the PCR and were insufficient to warrant further discussion in a written opinion. *Id.* at *3.

Having reviewing the relevant record and the arguments of the parties, the Court will deny the motion to compel because the record shows that the indictment claim has no merit and the production of the grand jury transcripts will not aid the Court in the resolution of this claim. Indeed, the record reflects that Petitioner's counsel sought dismissal of the indictment on two separate occasions, and the governing New Jersey law does <u>not</u> clearly require dismissal of an indictment that is based on hearsay. As such, under *Strickland*, Petitioner's attorney cannot be said to have been deficient for failing to obtain dismissal of the indictment on that basis. Because the Court agrees with the PCR court that Petitioner has failed to establish prong one of *Strickland* on the indictment claim, and because the transcripts from the grand jury proceedings would not aid the Court in making that determination, the Court will deny the motion to compel.

Having reviewed the record in this proceedings, the Court will, however, order Respondent to provide an electronic copy of the Appellate Division's July 29, 2011 decision denying Petitioner's direct appeal. The exhibit purporting to be the direct appeal opinion, *i.e.*, ECF No. 8-22, is actually a copy of the Appellate Division's decision denying PCR. As such, Respondents shall provide an electronic copy of the Appellate Division's July 29, 2011 decision within 14 days of the date the Order accompanying the Opinion.

For the reasons explained in this Memorandum Opinion, the Court will deny the motion to compel and will order Respondents to supplement the record by providing the July 29, 2011 Appellate Division decision denying Petitioner's direct appeal. An appropriate Order follows.

DATED: December 18, 2017

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Court